O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRAY VALVE AND CONTROLS USA, INC., and BRAY INTERNATIONAL, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CIVIL ACTION NO. H-03-0015 |
| TECHNICAL INDUSTRIAL SALES, INC., | § § § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending are Plaintiff Bray Valve and Controls USA, Inc.'s Motion for Final Summary Judgment (Document No. 79) and Defendant Technical Industrial Sales, Inc.'s Motion to Strike the Evidence of Plaintiff, Bray Valve and Controls USA, Inc., in Support of Plaintiff's Motion for Final Summary Judgment (Document No. 81). After carefully considering the motions, response, reply, and the applicable law, the Court concludes as follows:

I. Background

Although three previous memoranda and orders have been issued, a brief review of the background is in order as a result of the consolidation of cases ordered June 17, 2004. This case sounds in contract and tort, arising from the collapse of a manufacturer-distributor relationship. Plaintiffs Bray Valve and Controls USA,

Inc. and Bray International, Inc. (collectively "Bray") are Texas corporations involved in the manufacture of actuators and valves.[1] Beginning in 1995, Bray and Defendant Technical Industrial Sales, Inc. ("TIS"), a Minnesota corporation, entered into a series of distributorship agreements ("Distributor Agreement") whereby Bray granted TIS the right to serve as the exclusive distributor of Bray products in certain territories of the United States, including Minnesota, South and North Dakota, parts of Michigan, and additional counties in Wisconsin.

Bray alleges that between May 10, 2002, and October 12, 2002, TIS took possession of more than $200,000 worth of Bray merchandise for the purpose of selling the products to its clients in the exclusive territory. To date, Bray alleges that TIS owes an outstanding balance of $136,086.65, plus interest at the rate of 1.75% per month. Bray further alleges that TIS, at the direction of its agents/principals Raymond Collings ("Collings") and John Heidinger ("Heidinger"), represented to Bray that TIS was ordering goods for customers eligible for special price discounts, but then sold these goods to ineligible customers at prices substantially higher than the agreed upon sales prices for select customers. According to Bray, these actions wrongfully increased TIS's profit

---

[1] The Court realigns Bray International, Inc., which joined this litigation by way of the consolidation, as a plaintiff. The parties refer to Bray Valve and Controls USA, Inc. and Bray International, Inc. collectively as "Bray" throughout their pleadings and motions.

margin and caused Bray more than $1.4 million in damages.  Bray therefore seeks to recover on theories of fraud and breach of contract, or alternatively, quantum meruit.  In addition, Bray seeks injunctive relief compelling the return of certain sales and engineering manuals allegedly in Bray's possession; and precluding TIS from advertising or marketing any and all Bray or Bray-affiliated products.

In response, TIS asserts claims against Bray for intentional interference with contractual relations, unjust enrichment, and business disparagement.  TIS alleged that while the parties' contractual relationship was in effect, Bray improperly induced TIS executives to leave TIS and develop competing businesses; and further induced TIS customers to terminate existing orders and agreements to purchase Bray products from TIS that TIS had in stock at its warehouses.  TIS also complains that Bray failed to provide "full and proper credit" to TIS for a return of Bray products that still remain on TIS's shelves, and has failed to give credit to TIS for certain of Bray's products that were returned to TIS based on Bray's warranty.  Finally, TIS alleges that Bray maliciously made false remarks about TIS's internal operations, ongoing business practices, and commercial viability, all in an effort to damage TIS's business.  TIS seeks damages and injunctive relief preventing Bray from engaging in "further acts of contractual interference."  Bray moves for final summary judgment, and TIS filed a motion to strike part of Bray's summary judgment evidence.

## II.  Discussion

The prior Memorandum and Order entered August 6, 2003, sets out the standard of review for a motion for summary judgment.  In that Order Bray was granted partial summary judgment on its breach of contract claim and was denied summary judgment on the amount of Bray's damages.  Bray reurges that point in the current motion, and the same ruling applies.  TIS's summary judgment is sufficient to raise a genuine issue of material fact on the amount of Bray's damages that preclude summary judgment on that issue.  Likewise, there is summary judgment evidence produced by TIS sufficient to raise genuine issues of material fact on Bray's fraud claim and alleged grounds for injunctive relief.

Bray also moves for summary judgment on TIS's affirmative claims for tortious interference with contractual relations, business disparagement, and unjust enrichment.  TIS has offered no summary judgment evidence in support of its tortious interference and business disparagement claims, and does not attempt to defend them.  Bray is therefore entitled to summary judgment on TIS's claims for intentional interference with contractual relations and business disparagement.

Bray further moves for summary judgment on TIS's unjust enrichment claim, which according to TIS's pleading rests on a number of grounds.  Insofar as TIS complains of Bray's alleged refusal to accept and credit unsold inventory, and to provide

certain credits on warranty returns, Bray has shown that it is entitled to summary judgment. The Distributor Agreements and Sales Policy governing the parties' relationship address the subject matter of these allegations, and "[g]enerally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory." Fortune Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 684 (Tex. 2000); *cf.* Burlington N. R.R. Co. v. Southwestern Elec. Power Co., 925 S.W.2d 92, 97 (Tex. App.--Texarkana 1996)("Unjust enrichment is not a proper remedy merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant, or because the benefits to the person sought to be charged amount to a windfall."), *aff'd*, 966 S.W.2d 467 (Tex. 1998).   However, TIS also claims unjust enrichment on allegations that Bray wrongfully profited by encouraging TIS to cultivate customers in Minnesota, and then terminating business with TIS so as to obtain those customers' accounts. Bray's motion appears silent on these allegations and Bray therefore does not demonstrate the absence of a genuine issue of material fact or entitlement to judgment as a matter of law on this particular claim.

### III. Order

For the reasons set forth, it is hereby

ORDERED that Plaintiff Bray Valve and Controls USA, Inc.'s Motion for Final Summary Judgment (Document No. 79) is GRANTED IN PART as follows: Defendant Technical Industrial Sales, Inc.'s claims against Plaintiffs Bray Valves & Controls USA, Inc. and Bray International, Inc., for intentional interference with contractual relations and business disparagement; and for unjust enrichment based on Bray's refusals to accept and issue credit for unsold inventory and to provide credits on warranty returns, are DISMISSED on the merits. Plaintiff's motion is otherwise DENIED, leaving for trial the amount of Bray's damages resulting from TIS's breach of contract, Bray's claims for fraud and injunctive relief, and TIS's remaining unjust enrichment claim described above. It is further

ORDERED that Defendant Technical Industrial Sales, Inc.'s Objection to and Motion to Strike the Evidence of Plaintiff Bray Valve and Controls USA, Inc. (Document No. 81), in the light of this Order, is DENIED as MOOT.

The Court will enter this Order and send a copy to all counsel of record.

SIGNED at Houston, Texas, this  26th  day of April, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE